### JENNIE THOMPSON *v.* THE STATE.

1. A DISORDERLY HOUSE is a house kept for the purpose of public prostitution, or as a common resort for prostitutes, vagabonds, etc.

2. INDICTMENT.—To charge the *gravamen* of the offense of keeping a disorderly house it is sufficient to allege in the indictment that the accused "did unlawfully keep a disorderly house, said house then and there being kept for the purpose of public prostitution."

3. PRACTICE.—After a plea and a mistrial, it was too late to move the county court to dismiss the cause for the reason that it had originated in the district court, and had not been properly transferred therefrom to the county court.

APPEAL from the County Court of Tarrant. Tried below before the Hon. C. C. CUMMINGS, County Judge.

The 2d head-note comprises the only description of the house given in the indictment, which was filed in the district court of Tarrant county on August 21, 1876. The transcript shows the county clerk's file-mark on the indictment as of September 1, 1876, but contains no order of transfer by the district judge, or certified copies by the district clerk, directed by the act of August 12, 1876.

There was a mistrial of the case at the November term, 1876, of the county court. In December, 1876, the accused filed a motion, under oath, to dismiss the case, because the county court had acquired no jurisdiction of it, in consequence of there being no order of transfer from the district court. The motion was overruled, the cause tried on the merits, a verdict of guilty, with punishment assessed at a fine of $200.

*J. C. Templeton* and *Terrell & Walker*, for the appellant, insisted that no sufficient description of the house was set forth in the indictment, and that the motion to dismiss was erroneously overruled.

*H. H. Boone*, Attorney General, and *W. B. Dunham*, for the State.

WINKLER, J. The objections to the indictment are not well taken. A disorderly house is defined to be one kept for the purpose of public prostitution, or as a common resort for prostitutes, vagabonds, etc. Any person who shall keep a disorderly house, either for purposes of public prostitution or for the other purposes mentioned, shall be punished by fine, not less than $100 nor more than $500. Pasc. Dig., Arts. 2027–2029.

The indictment charges that the accused did unlawfully keep a disorderly house, said house then and there being kept for the purpose of public prostitution, with proper commencement and conclusion, time, place, etc.

The objection raised that the case had not been properly transferred from the district court came too late after plea and a mistrial.

The evidence is clear, and establishes the charge laid in the indictment. The motion for new trial was properly overruled.

*Affirmed.*